Mr. Chief Justice Moore
delivered the opinion of the Court.
The Respondent, Henry Benac, was admitted by the Supreme Court of the State of Colorado to practice law, on October 6, 1961, and since that time has been a member of the Bar of the State of Colorado. A formal complaint against the Respondent was filed before the Grievance Committee, and pursuant thereto an evidentiary hearing was held by authorized members of that Committee. Findings of Fact were made following the hearing, which included the following:
“2. The Committee finds that the Respondent did receive from his client, Vern Van Dicar, the sum of *480 $423.00 by check of February 25, 1966, which check was for the purpose of making restitution on behalf of Mr. Van Dicar in connection with certain criminal charges pending against him. The restitution was in connection with a no account check payable to Kroonenberg Lumber Company. The check was cashed by the Respondent, Mr. Benac, on February 25, 1966, and the money was retained by him. At the time Mr. Benac also received a check in the amount of $250.00 from his client which he applied on his attorney’s fees and which was for that purpose. This check was also cashed by Mr. Benac.
“3. Mr. Benac made no attempt to make any restitution on behalf of his client, Mr. Van Dicar, to the Kroonenberg Lumber Company, and the only excuse which Mr. Benac offered for his failure to do this was that he was having ‘family difficulties’ and ‘was escaping into the bottle’ and ‘doing a lot of drinking.’ Although he testified that the money was in a safety deposit box at his bank in Leadville and always available, he had not made the payment to Kroonenberg Lumber Company on behalf of his client even as of the time of this hearing.
“4. As a .result of Mr. Benac’s failure to make the payment on behalf of his client to the Kroonenberg Lumber Company, his client spent time in jail on this offense which he should not have, inasmuch as the court indicated that if restitution were made it would consider the remission of the remainder of Mr. Van Dicar’s jail sentence.
“5. Numerous efforts were made to contact Mr. Benac on behalf of his client, which efforts were made by the Public Defender’s office, the District Attorney’s office and the Probation 'Department. Mr. Benac made no attempt to communicate with any one of the various persons who were trying to contact him concerning this matter.
“6. Respondent failed to appear in court on behalf *481 of his client on at least one occasion and possibly others.
“7. During the course of the hearing, Mr. Benac offered to make restitution immediately ‘if the Court so desires,’ and he stated T will say this, that Monday morning I will go to the bank and get a cashier’s check and send it to Kroonenberg’s. If you would prefer, I would send it to you for transmittal.’ * * *”
No restitution has been made and no objections or exceptions to the “Findings of Fact, Conclusions of Law and Recommendations” made by the Grievance Committee to this court have been filed by the Respondent. Needless to say,
“1. The conduct of the Respondent, Henry Benac, in failing to make restitution on behalf of this client out of the funds supplied by his client is contrary to the highest standards of honesty, justice and morality required of all attorneys in the practice of law.”
It is the judgment of this court that the Respondent Henry Benac be, and he hereby is, suspended from the further practice of the law in the courts of the State of Colorado; that he be required forthwith to surrender the license heretofore issued to him to engage in the practice of law; that all costs incurred in the above captioned matter shall be paid by the Respondent; and that judgment enter against him for the amount thereof upon which execution may issue in default of payment.